UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD J. ALLISON, | Case No.  2:21-cv-01883-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STEIN TREATMENT TEAMS, | |
| Defendant. | |

**I.      DISCUSSION**

On October 12, 2021, Plaintiff, an inmate currently located at Southern Nevada Adult Mental Health Services, submitted a civil rights complaint under 42 U.S.C. § 1983.  ECF 1-1.  Plaintiff did not submit a complaint in compliance with Local Special Rule 2-1.  Plaintiff also did not submit an application to proceed *in forma pauperis* or pay the full $402 filing fee in this matter.

**A.      Plaintiff's Initiating Document**

The Court notes that Plaintiff's document at ECF No. 1-1 does not comply with Local Special Rule 2-1 ("LSR 2-1").  Under LSR 2-1, a civil rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by the court <u>or must be legible and contain substantially all the information called for by the court's form</u>.  Plaintiff's complaint does neither.

Further, Plaintiff seeks to certify a potential class of persons who were subjected to the same practices alleged in their Complaint.  Pro se plaintiffs may only represent themselves--they are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself.").  Thus, to

the extent Plaintiffs seek relief on behalf of a class of similarly situated persons, they are not permitted to do so.  **Thus, any amendment to Plaintiff's complaint must remove requests for relief on behalf of others**.

      **B.**    **There is No Application to Proceed *in Forma Pauperis***

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the civil action without prepaying the full $402 filing fee.  To apply for *in forma pauperis* status, the inmate must submit all three of the following documents to the Court:

    (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

    (2) a **Financial Certificate** properly signed by both the inmate and a facility or jail official (i.e. page 4 of this Court's approved form), and

    (3) a copy of the **inmate's facility or jail trust fund account statement for the previous six-month period.**  If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

**II.**    **ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original document at ECF No. 1-1.

IT IS FURTHER ORDERD that Plaintiff shall have until on or before **December 17, 2021** to submit a complaint to the Court in compliance with LSR 2-1.  Plaintiff is reminded that **any amendment to Plaintiff's complaint must remove requests for relief on behalf of others.**

IT IS FURTHER ORDERED that, if Plaintiff does not file a complaint in compliance with LSR 2-1 on or before **December 17, 2021**, this case will be subject to dismissal without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is able to file a complaint in compliance with LSR 2-1.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **December 17, 2021**, Plaintiff shall either pay the full $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a facility or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's facility or jail trust fund account statement for the previous six-month period**.  If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before **December 17, 2021**, together with his complaint, this case will be subject to dismissal without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis*.

DATED this 18th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE